**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0058n.06

**Case No. 13-3575**

**FILED**

Jan 23, 2014

DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SONDRA ZENTS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| BAYLOR TRUCKING COMPANY, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

**O P I N I O N**

BEFORE: SUTTON, McKEAGUE, and WHITE, Circuit Judges.

**McKeague, Circuit Judge.** This case arises from Baylor Trucking Company's ("Baylor") termination of Sonda Zents' Independent Contractor Agreement after Zents was involved in a preventable "DOT recordable" accident.

After filing a Charge of Discrimination with the Equal Employment Opportunity Commission on September 14, 2011, Zents filed a complaint against Baylor Trucking alleging that on December 8, 2010, "she was terminated because of her sex." R. 1, Complaint at 2, PageID # 2. Zents claimed that her dismissal was in violation of both Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.*, and Chapter 4112 of the Ohio Revised Code. *Id.* Baylor

Trucking moved for summary judgment, arguing that Zents was an independent contractor, not an employee, and therefore not protected by federal and state employment discrimination laws.

The magistrate judge[1] granted summary judgment to Baylor on all claims. The magistrate judge held that, contrary to Zents' contentions that her relationship with Baylor was an employee-employer relationship, Zents operated as an independent contractor for Baylor. The magistrate extensively addressed cases involving facts similar to the instant dispute and, after applying the common-law agency test to determine whether an employment relationship existed, concluded that Zents was an independent contractor and therefore not protected by federal and state employment discrimination laws. Zents timely appealed.

After carefully reviewing the magistrate judge's opinion, the briefs, and the record in this case, we conclude that the magistrate judge did not err in granting summary judgment to Baylor. As the magistrate judge correctly set out the applicable law and correctly applied that law to the undisputed material facts contained in the record, issuance of a full written opinion by the court would serve no jurisprudential purpose.

Accordingly, for the reasons stated in the magistrate judge's well-reasoned opinion, we **AFFIRM**.

---

[1] The parties consented to the case being heard by a magistrate judge.